IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK THOMAS SISSELL                                    CV 06-270-RE

               Plaintiff,                          OPINION AND ORDER

     v.

FEDERAL BUREAU OF PRISONS,
CHARLES A. DANIELS, Warden, and
FEDERAL CORRECTIONAL
INSTITUTION-SHERIDEN,

             Respondents.

_____

REDDEN, Judge:

      Petitioner, an inmate at the Federal Correctional Institution, Sheriden, Oregon, brings this

Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that Respondents have

deprived him of his liberty by refusing his request for supervised release to the District of

Nevada (doc.2).  Petitioner seeks a court order directing Respondents to transfer jurisdiction over

his supervised release to the District of Nevada pursuant to 18 U.S.C. § 3605.  In addition,

Petitioner moves to proceed *in forma pauperis* (doc. 1), and seeks an order appointing counsel

PAGE 1 – OPINION AND ORDER

pursuant to 18 U.S.C. § 3006A(a)(2)(B) (doc. 2).  For the reasons set forth below, Petitioner's

motion to proceed *in forma pauperis* should be GRANTED, but his Motions for an Order

Appointing Counsel and his Petition for Writ of Habeas Corpus should be DENIED.

### Background

On July 20, 2004, Petitioner Mark Thomas Sissell was convicted of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentenced to a term of

imprisonment of 33 months followed by a three-year period of supervised release.  United States

v. Sissell, CR 03-557-RE (D. Or. Jul. 20, 2004).  Sissell is scheduled for release on January 27,

2006. Under the terms of his supervised release, Sissell must not leave the judicial district

without the permission of the court or probation officer.  Id. at 4.

Pursuant to a Memorandum of Understanding (MOU) between the Federal Bureau of

Prisons (BOP) and the Administrative Office fo the U.S. Courts, federal prisoners who are

sentenced to a term of supervised release at the expiration of their prison term may develop and

submit a "suitable release plan" to BOP for approval.  See Defs. Exhibit 1.  A "suitable release

plan" is defined as "verified residence and employment, or probable availability thereof."  Id. at

1.  Although the district of release will normally be the sentencing district, BOP may release a

prisoner to a different district "if another district clearly offers a stronger combination of

community/family ties, probability of success under supervision, and . . . meaningful

employment or a unique educational program."  Id. at 1-2.  All inter-district transfers must be

approved by the receiving district.

As part of his release plan, Sissell requested that he be released to supervision in the

District of Nevada to reside with his cousin, William Arlee, in Pahrump, Nevada, approximately

60 miles outside of Las Vegas. Sissell contends that he lacks a "support network" in Oregon, and wants to get as far away from the criminal element he was exposed to in Oregon to prevent any possible relapse into criminal activity. Petitioner also claims that he has a good job opportunity with a local union in Nevada upon his release.

Pursuant to the MOU, the United States Probation Office for the District of Nevada (USPO) conducted an investigation into Petitioner's release plan and contacted Petitioner's cousin, William Arlee, in Pahrump, Nevada. Although Mr. Arlee agreed to allow Petitioner to reside with him, USPO expressed concern with the lack of adequate supervision resources in the area and Petitioner's poor prior conduct while under supervision (his probation was revoked on eight separate occasions). USPO also determined that Petitioner did not have any verifiable job prospects in Pahrump, Nevada, and due to the remote location of Mr. Arlee's residence, Petitioner would not have access to the resources necessary to conduct a successful job search. In addition, Petitioner's proposed residence did not appear viable in the long term because Mr. Arlee was preparing to enter the police academy and would be prohibited from having contact with felons. Finally, USPO noted that nearly all of Petitioner's family was in Oregon. On November 17, 2005, USPO denied Petitioner's request for transfer to Pahrump, Nevada. USPO suggested that Petitioner submit another relocation request if he wanted USPO to consider transferring his supervised release to Las Vegas, Nevada.

On February 27, 2006, Sissell filed the present Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner also moves to proceed *in forma pauperis*, and seeks a court order appointing counsel.

PAGE 3 – OPINION AND ORDER

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Petitioner moves to proceed *in forma pauperis* (doc. 1).  An examination of the application reveals that petitioner is unable to afford the fees of this action.  Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given to the plaintiff is confirmed, and the court shall not assess an initial partial filing fee.

Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), a prisoner proceeding *in forma pauperis* is required to pay the full filing fee of $150.00 when funds exist. Petitioner has authorized the agency having custody of him to collect the filing fee from his prison trust account when funds exist.  Therefore, petitioner shall be obligated to make monthly payments of 20 percent of the preceding month's income credited to petitioner's trust account. These payments shall be collected and forwarded by the agency having custody of the plaintiffs to the Clerk of the Court each time the amount in the petitioner's trust account exceeds $10.00, until the filing fee is paid in full.

## MOTION TO APPOINT COUNSEL

There is no constitutional right to counsel during habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993).  Under 18 U.S.C. § 3006A(a)(2)(B), however, a district court has discretion when "the interests of justice so require," to appoint counsel for an indigent defendant seeking habeas corpus relief.  Luckett v. McDaniel, 213 F.3d 642 (9th Cir. 2000).  Indigent prisoners applying for habeas corpus relief are not generally entitled to appointed counsel unless an evidentiary hearing is required, Knauburt v. Goldsmith, 791 F.2d 722 (9th Cir. 1986), or the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process

PAGE 4 – OPINION AND ORDER

violations. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

In the present case, Petitioner has demonstrated an ability to adequately and coherently articulate his claim. Petitioner's claim is neither complex nor does it require the court to hold an evidentiary hearing. Moreover, Petitioner's claim lacks merit. Petitioner has no liberty or due process interest in being released to any specific jurisdiction. United States v. Ohler, 22 F.3d 857, 858 (9th Cir. 1994). Accordingly, Petitioner's request for Appointment of Counsel is DENIED.

## PETITION FOR HABEAS CORPUS RELIEF UNDER § 2241

Petitioner claims that USPO's decision to deny his request for supervised release in the District of Nevada has deprived him of liberty without due process of law. The statute governing transfers of probation jurisdiction provides:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.

18 U.S.C. § 3605 (emphasis added). This statute gives a court discretion to order a transfer, but conditions transfer upon the acceptance of jurisdiction by the court to which the transfer is made. Ohler, 22 F.3d at 858-59. The statute does not confer any right to a transfer of jurisdiction over supervised release. See id. at 858 ("[N]o liberty interest was at stake in the transfer of appellant's probation jurisdiction . . . ."").

Petitioner has no liberty interest in being released to the District of Nevada. Id.

PAGE 5 – OPINION AND ORDER

Moreover, 18 U.S.C. § 3605 does not require this court to order Respondents to transfer jurisdiction over Petitioner's supervised release to the District of Nevada.  In this case, USPO's decision to deny Petitioner's request to transfer probation jurisdiction reflected a reasoned consideration of several relevant factors enumerated in the MOU, including the lack of adequate supervision and employment opportunities in Pahrump, Nevada, as well as Petitioner's poor prior conduct while under supervision and his familial ties to Oregon.  USPO's decision was not unreasonable.  Nor did it violate any of Petitioner's constitutional rights.[1]  Therefore, the Petition for Writ of Habeas Corpus is DENIED.

<u>CONCLUSION</u>

Having considered the parties briefs, and for the reasons stated above, Petitioner's Motion to Proceed *In Forma Pauperis* (doc. 1) is GRANTED; Motion for Appointment of Counsel (doc. 2) is DENIED; and Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (doc. 2) is DENIED.

IT IS SO ORDERED.

Dated this  _24th_  day of August, 2006.


 _/s/ James A. Redden_____
James A. Redden
United States District Judge

---

[1]Notably, USPO suggested that Petitioner submit another relocation request if he wanted the agency to consider transferring his supervised release to Las Vegas, Nevada.

PAGE 6 – OPINION AND ORDER